**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| EDWARD M. "MARK" BULGER and RENEE T. BULGER, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. _____ |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, INC., | § § § § | |
| Defendant. | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

**TO THE HONORABLE DISTRICT JUDGE:**

EDWARD M. "MARK" BULGER and RENEE T. BULGER, ("Mark and Renee Bulger" or "the Bulgers") Plaintiffs, complain of GOVERNMENT EMPLOYEES INSURANCE COMPANY, ("GEICO") Defendant, and for cause of action request the Court to consider the following:

### PARTIES

1.  Plaintiffs Mark and Renee Bulger are individuals who reside in Sanger, Denton County, Texas.

2.  Defendant GEICO is a Maryland insurance company that is authorized to do business in the State of Texas and who may be served with citation through its registered agent for service of process, James G. Brown, at his principal place of business at 4201 Spring Valley Rd, Dallas, TX 75224. However, Plaintiffs will request that Defendant's attorneys, who are identified below, waive service. A copy of this Complaint will be delivered to them pursuant to one of the methods required by Fed. R. Civ. P. 5.

## JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction of the subject matter of this case. 28 U.S.C. § 1332. Plaintiffs are both citizens of Texas. Defendant is a Maryland stock insurance company with its principal place of business in Maryland or Washington D.C. As pled below, the amount in controversy exceeds the sum or value specified by 28 U.S.C. § 1332.

4.      Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in Sanger, Denton County, Texas. 28 U.S.C. § 1391.

5.      The Parties have also stipulated to venue in the Eastern District of Texas.

## FACTUAL BACKGROUND

**A.      "The Incident"**

6.      Mark and Renee Bulger are the biological parents of Chelsea Bulger.

7.      On October 20, 2007, Chelsea Bulger, age 19, was a passenger in a vehicle operated by Holly Sullivan that was involved in a motor vehicle accident in Denton County, Texas. A motor vehicle crash occurred when the vehicle driven by Holly Sullivan collided with another vehicle operated by Joe Furr ("the Incident").

8.      Chelsea Bulger died as a result of bodily injuries sustained in the Incident. She was pronounced deceased at the scene, and was transported directly to the Tarrant County Medical Examiner's office.

9.      The Bulgers did not observe the Incident, were not involved in the Incident, and did not suffer any "bodily injury" themselves in the Incident.

10.     At the time of the Incident, Chelsea Bulger lived at home with the Bulgers, did not have a Will, was not married, and had no biological or adopted children.

11.    The Bulgers believe they are entitled to seek recovery of damages for mental anguish and loss of society and companionship caused by the death of their daughter from both Holly Sullivan and Joe Furr pursuant to the Texas Wrongful Death Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.001. *et. seq.* Under the act, a person is liable for damages arising from an injury that causes an individual's death if the injury was caused by that person's negligence or other wrongful conduct. *Id.* at § 71.002.

**B.    Available Auto Liability Insurance Coverage**

12.    At the time of the Incident, Holly Sullivan had available automobile liability insurance coverage benefits of $100,000 per person and $300,000 per occurrence.

13.    Joe Furr had available automobile liability insurance coverage benefits of $20,000 per person and $40,000 per occurrence.

**C.    Underinsured Motorists Insurance Coverage**

14.    The parties have stipulated that both Holly Sullivan and Joe Furr are legally liable for the Incident and that the vehicles they were operating at the time of the Incident were "underinsured motor vehicles" as that term is defined in the GEICO Policy issued to Chelsea Bulger referenced below.

15.    At the time of the Incident, Chelsea Bulger was the sole named insured on a Texas Personal Auto Policy issued by Defendant GEICO, Policy No. 4078-96-63-08 ("the Policy");

16.    The parties have stipulated that the Policy was in full force and effect at the time of the Incident, and that the Policy provided Uninsured/Underinsured Motorists ("UIM") coverage benefits with limits of $300,000 per person/$300,000 per occurrence, among other coverages.

17.    The Parties have stipulated that Mark and Renee Bulger are "covered persons" as defined in the UIM coverage Section of the Policy.

**D.      The Dispute over the Underinsured Motorists Coverage**

18.      Following the Incident, the Bulgers asserted a claim with GEICO to recover UIM coverage benefits under the Policy, which GEICO assigned Claim No. 0310756210101012 (hereafter, "the Claim"), and which concerns their own, separate claim for individual damages arising out of the wrongful death of Chelsea Bulger that consists of non-economic and emotional damages, such as loss of consortium, emotional distress, and mental anguish.

19.      A bona fide dispute has arisen between the Bulgers and GEICO regarding the sole issue as to whether the Bulgers are entitled to recover UIM coverage benefits under the Policy for their individual, non-economic and emotional damages they claim to have suffered as a result of Chelsea Bulger's wrongful death.

20.      It is GEICO's position that the Bulgers are not entitled to recover such UIM benefits. It is the Bulgers' position that they are entitled to recover such UIM benefits, and despite demands to do so, GEICO has denied the Bulger's requests to pay the coverage and instead insisted that the dispute be resolved by a court of competent jurisdiction.

## DECLARATORY JUDGMENT

21.      The Texas Declaratory Judgments Act provides that an action or proceeding is not open to objection on the ground that a declaratory judgment or decree is prayed for. Tex. Civ. Prac. & Rem. Code Ann. § 37.003. A person interested under a written contract may have a court of competent jurisdiction determine any question of construction or validity arising under the instrument, and obtain a declaration of rights, status, or other legal relations under it. Under the Act, a contract may be construed either before or after there has been a breach. *Id.* at § 37.004.

22.      In Texas, automobile liability insurance companies are required to provide underinsured motorists coverage unless the insured signs a written rejection of the coverage. Tex. Ins. Code

Ann. § 1952.101. The applicable code provision states that uninsured or underinsured motorist coverage includes "damages for bodily injury, sickness, disease, or *death*, or property damage resulting from the ownership, maintenance, or use of any motor vehicle." *Id.* at § 1952.101(a).

23.    The pertinent coverage provision in the Policy states:  "We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of personal injury sustained by a **covered person**...." *See* Attachment 1 at Part C, par. A (emphasis in original).

24.    The provision does not limit its benefits to damages for bodily injuries, nor does the provision limit the coverage to the covered person who sustained bodily injuries. Instead, it specifically encompasses claims for damages a covered person is legally entitled to recover as a result of the bodily injuries sustained by another covered person. Nothing in the insuring provision excludes coverage for mental anguish and loss of companionship and society.

## DAMAGES

25.    The Parties have stipulated that the damages sustained by the Bulgers as a result of Chelsea Bulger's wrongful death exceed the value of *all* insurance coverage benefits available to them, including the UIM benefits under the Policy.

26.    The Bulgers, therefore, are entitled to a declaration that they are entitled to recover their wrongful death damages under the UIM coverage available under the GEICO policy and to judgment against GEICO in the amount of the UIM Policy limits of $300,000.00.

## PRAYER

THEREFORE, Mark and Renee Bulger request judgment against GEICO declaring that they are entitled to recover their wrongful death damages under the underinsured motorists benefits provided by the GEICO Policy, and request judgment against GEICO and in favor of the

Bulgers in the amount of $300,000.00.  The Bulgers also request general relief.

Respectfully submitted,

_____
Jeff Springer
State Bar No.  18966750
jeff@springer-lyle.com

Frank G. Lyle
State Bar No. 12717600
fgl@springer-lyle.com

**SPRINGER & LYLE, LLP**
1807 Westminster
Denton, TX 76205
940.387.0404 (ph.)
940.383.7656 (fax)

## CERTIFICATE OF SERVICE

I certify that on the _16th_ day of December, 2009, a true and correct copy of the

above and foregoing document was served in accordance with Fed. R. Civ. P. 5 on the party or

representative identified below in the manner indicated:

_____
Jeff Springer

*VIA FACSIMILE (214) 265-6226*
*and CMRRR No.  7008 3230 0003 5458 0563*
Meloney Cargil Perry
State Bar No. 00790424
Christopher T. Colby
State Bar No. 24031962
Meckler Bulger Tilson Marick & Pearson LLP
10,000 N. Central Expressway, Suite 1450
Dallas, Texas 75231
ATTORNEYS FOR GOVERNMENT EMPLOYEES
INSURANCE COMPANY